UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PASSION RAY, | |
| Plaintiff, | |
| v. | Case No. 3:24-cv-01250 |
| GLENN FUNK et al., | Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |
| Defendants. | |

To:     The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

Pro se Plaintiff Passion Ray filed this Section 1983 suit against Defendants Glenn Funk, District Attorney of Metropolitan Nashville and Davidson County, the District Attorney's Office, and the Metropolitan Nashville Police Department (MNPD) on October 18, 2024, alleging violations of her civil rights. (Doc. No. 1.) Funk and MNPD made appearances and moved for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim. (Doc. Nos. 31, 39.) Plaintiff failed to respond to either motion and the Court granted MNPD's motion on October 24, 2025. (Doc. No. 40.) Funk's Motion to Dismiss remains outstanding and, for the reasons that follow, the Magistrate Judge will recommend that the Court dismiss this action for lack of subject-matter jurisdiction or, in the alternative, as a voluntary dismissal by Plaintiff.

## I.     Background

### A.     Factual Background

Plaintiff, acting *pro se*, filed a lengthy handwritten Complaint on October 18, 2024, alleging, liberally construed in light of her *pro se* status, violations of her rights under the First,

Second, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, as well as law enforcement officers' alleged violations of a number of federal statutes. (Doc. No. 1.) Plaintiff claims here and in other actions she has previously filed in this Court that she has been subjected to retaliation for approaching miscellaneous state law enforcement entities with whistleblower information related to those entities' purported failure to investigate or prosecute a wide-ranging criminal enterprise. (*Id.*), *See, e.g., Ray v. Federal Bureau of Investigation*, NO. 3:23-cv-00994, 2023 WL 8722025 (M.D. Tenn. Dec. 18, 2023); *Ray v. Federal Bureau of Investigation*, No. 3:24-cv-01118, 2025 WL 2466567 (M.D. Tenn. Aug. 26, 2025).

### B. Procedural History

MNPD filed a Motion to Dismiss Plaintiff's claims and supporting memorandum on January 6, 2025. (Doc. Nos. 8, 9.) Defendant Funk similarly moved to dismiss on January 27, 2025, (Doc. Nos. 16, 17), and the Court referred the case to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B) (Doc. No. 18). Plaintiff failed to respond to either motion.

However, on March 14, 2025, Plaintiff filed an amended complaint without leave of the Court. (Doc. No. 27.) Plaintiff also sought an Entry of Default as to Defendants. (Doc. No. 28.) Defendants opposed the Motion for Entry of Default (Doc. No. 29), and the Clerk of Court denied the motion on May 6, 2025 (Doc. No. 36). Funk and MNPD both renewed their Motions to Dismiss. (Doc. Nos. 31, 32, 39.) Plaintiff failed to timely respond to MNPD's motion and the Court granted the motion as unopposed on October 24, 2025. (Doc. No. 40.)

Funk's Motion to Dismiss remains pending because, while Plaintiff did not submit a responsive memorandum in opposition to the motion, she did file three "notices" expressing grievances about the manner in which she has been treated by law enforcement and the courts. (Doc. Nos. 34, 35, 37.) Defendant's Motion to Dismiss is now ripe.

2

## II.    Analysis

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States," and several other categories of cases not at issue here.[1] U.S. Const. art. III, § 2, cl. 1; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Congress has also granted federal courts diversity jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Id.* at 104.

Because whether the Court has subject-matter jurisdiction is a "threshold" question in any action, *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007), a court must assure itself of its jurisdiction sua sponte even if the parties do not raise the issue, *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

Defendant argues first that Plaintiff's amended complaint should be disallowed as untimely and because she failed to seek the Court's leave. (Doc. No. 32.) Defendant then argues that, even

---

[1]    For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

if permitted, the First Amended Complaint must be dismissed because the Court lacks subject-matter jurisdiction. (*Id.*)

"Whether the Court has jurisdiction over a case as one arising under the Constitution or federal law is determined by analyzing Plaintiff's complaint; if it alleges a substantial cause of action under federal law, subject-matter jurisdiction exists." *Morningstar v. City of Detroit*, 617 F. Supp. 2d 570, 574 (E.D. Mich. 2009). The plaintiff's burden in this regard is "'not onerous' . . . Instead, '[t]he plaintiff must show only that the complaint alleges a claim under a federal law, and that the claim is ""'substantial.'""" *Id.* (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). Based on Plaintiff's allegations, the Court finds that Plaintiff has argued that the Court has federal question subject-matter jurisdiction where her allegations implicate multiple clauses of and amendments to the Constitution and the purported violation of various federal statutes. (Doc. No. 1.)

However, Defendant argues that, even if the Court has federal question jurisdiction, it ultimately lacks subject-matter jurisdiction under the theories of sovereign immunity, prosecutorial immunity, and Plaintiff's lack of standing. (Doc. Nos. 17, 32.) The Court finds all three theories applicable. By suing Defendant in his official capacity, Plaintiff has effectively sued the state of Tennessee without showing that one of three exceptions that would permit such a suit apply. *See, e.g., Thiokol v. Dept. of Treasury,* 987 F.2d 376, 381 (6th Cir. 1993); *T.M., Next Friend of H.C. v. DeWine*, 49 F.4th 1082, 1088 (6th Cir. 2022).

Here, Defendant's theories of absolute prosecutorial immunity and standing as barriers to the Court's subject-matter jurisdiction are closely intertwined where Plaintiff's allegations stem from actions taken by a prosecutor in his official capacity. The misconduct Plaintiff alleges in her filings implicates the discretion inherent to Tennessee law enforcement agencies, generally, and

4

Defendant as District Attorney specifically. As Defendant notes, individuals have no cognizable interest in the investigation, prosecution, or nonprosecution of third parties. (Doc. No. 17.) Because Defendant seeks relief in response to Defendant's decision not to initiate investigations or prosecutions based on Plaintiff's allegations, such claims are barred and the Court lacks subject-matter jurisdiction.

The Magistrate Judge also notes that Plaintiff last took action in this case on May 16, 2025, wherein she stated, in part, that she "can't worry about this lawsuit" when she instead needs to recover from the alleged misdeeds of the Defendants. (Doc. No. 37 at 5.) Plaintiff then adds that she "will be back by his grace with law spewing out" but that her "self love and care is important." (*Id.* at 6.) Since her last filing, Plaintiff has taken no other action and failed to respond to MNPD's Motion to Dismiss. At this stage, it appears that Plaintiff has signaled her desire to abandon this action. The Magistrate Judge recommends then that the filing be construed as voluntary dismissal and serve as alternative basis for dismissal.

**III.      Recommendation**

Because this Court lacks subject-matter jurisdiction over Plaintiff's remaining claims against Defendant Funk—and because Plaintiff has signaled she is voluntarily abandoning the action—the Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and Plaintiff's claims be DISMISSED WITHOUT PREJUDICE.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

5

Entered this 2nd day of March, 2026.

_____
LUKE A. EVANS
United States Magistrate Judge