IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PASSION RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:24-cv-01250 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| GLENN FUNK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER</u>

Pending before the Court[1] is the report and recommendation (Doc. No. 41, "R&R") of the

Magistrate Judge, which recommends that the Court grant the motion to dismiss (Doc. No. 31,

"Motion to Dismiss") filed by Defendant Glenn Funk ("Defendant Funk").[2] (Doc. No. 41 at 5).

Specifically, in the R&R, the Magistrate Judge recommends that the Motion to Dismiss be granted

(*id.* at 5), and Plaintiff's remaining claims, which are against Defendant Funk and "The District

Attorney's Office," be dismissed without prejudice for lack of subject-matter jurisdiction (*id.* at 1)

or because Plaintiff "has signaled her desire to abandon this action." (*Id.* at 5). No objections to

the R&R have been filed and the time for filing objections has now expired.[3]

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Plaintiff, Passion Ray, also brought claims against the Metropolitan Nashville Police Department ("MNPD") and "The District Attorney's Office." The Metropolitan Nashville Police Department was terminated as a defendant to this action pursuant to the Court's order at Docket No. 40, which granted MNPD's motion to dismiss (Doc. No. 39). Plaintiff's claims against "The District Attorney's Office" remain pending.

[3] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported

Absent any objection to the background and relevant facts (regarding the underlying circumstances and procedural history of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that background and those relevant facts in their entirety and includes it here for reference.

> Plaintiff, acting *pro se*, filed a lengthy handwritten Complaint on October 18, 2024, alleging, liberally construed in light of her *pro se* status, violations of her rights under the First, Second, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, as well as law enforcement officers' alleged violations of a number of federal statutes. (Doc. No. 1.) Plaintiff claims here and in other actions she has previously filed in this Court that she has been subjected to retaliation for approaching miscellaneous state law enforcement entities with whistleblower information related to those entities' purported failure to investigate or prosecute a wide-ranging criminal enterprise. (*Id.*), *See, e.g., Ray v. Federal Bureau of Investigation*, NO. 3:23-cv-00994, 2023 WL 8722025 (M.D. Tenn. Dec. 18, 2023); *Ray v. Federal Bureau of Investigation*, No. 3:24-cv-01118, 2025 WL 2466567 (M.D. Tenn. Aug. 26, 2025).

> \* \* \*

> MNPD filed a Motion to Dismiss Plaintiff's claims and supporting memorandum on January 6, 2025. (Doc. Nos. 8, 9.) Defendant Funk similarly moved to dismiss on January 27, 2025, (Doc. Nos. 16, 17), and the Court referred the case to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B) (Doc. No. 18). Plaintiff failed to respond to either motion.

> However, on March 14, 2025, Plaintiff filed an amended complaint without leave of the Court. (Doc. No. 27.) Plaintiff also sought an Entry of Default as to Defendants. (Doc. No. 28.) Defendants opposed the Motion for Entry of Default (Doc. No. 29), and the Clerk of Court denied the motion on May 6, 2025 (Doc. No. 36). [Defendant] Funk and MNPD both renewed their Motions to Dismiss. (Doc. Nos. 31, 32, 39.) Plaintiff failed to timely respond to MNPD's motion and the Court granted the motion as unopposed on October 24, 2025. (Doc. No. 40.)

> [Defendant] Funk's Motion to Dismiss remains pending because, while Plaintiff did not submit a responsive memorandum in opposition to the motion, she did file three "notices" expressing grievances about the manner in which she has been treated by law enforcement and the courts. (Doc. Nos. 34, 35, 37.) Defendant's Motion to Dismiss is now ripe.

---

by mail. But even this extension does not help Plaintiff because the R&R was filed on March 2, 2026, and as of March 23, 2026, Plaintiff has not filed any objections.

(Doc. No. 41 at 1-2). The Magistrate Judge concluded that the Motion to Dismiss should be granted (*id.* at 5) and Plaintiff's remaining claims be dismissed without prejudice, based on either lack of subject-matter jurisdiction (*id.* at 1) or because Plaintiff "has signaled her desire to abandon this action." (*Id.* at 5).

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 41) is adopted and approved. Accordingly, the Motion to Dismiss (Doc. No. 31) is **GRANTED**, and Plaintiff's remaining claims, which are against Defendant Funk and "The District Attorney's Office," are dismissed in their entirety and without prejudice. The Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE